UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA M. LARKINS,

Plaintiff,

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, *et al.*,

Defendants.
_______________________________/

Case No. 25-12106

F. Kay Behm
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION: RULE 41(b) DISMISSAL**

## I. PROCEDURAL HISTORY

Plaintiff Sheila M Larkins filed this *pro se* employment discrimination and retaliation complaint on July 11, 2025, against Defendants International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), and five named individuals. (ECF No. 1). On October 7, 2025, the District Judge referred all pretrial matters to the undersigned. (ECF No. 8).

On January 14, 2026, Defendants UAW, LaKeisha Davis, Dave Pagac, and Laura Dickerson filed their pending *Motion to Dismiss Plaintiff's Complaint* (ECF No. 18). Plaintiff's deadline to respond to Defendant's motion was February 9,

2026. (ECF No. 18). Similarly, Plaintiff was ordered to provide a new address(es) for service of process on Defendants Matt Gilliam and Marni Schroeder on or before February 6, 2026. On February 9, 2026, and March 30, 2026, Plaintiff moved for an extension of time to file a response because her son was undergoing medical treatment and she was in Chicago with him during the process, which were both granted. Plaintiff was provided until May 11, 2026, to file her response brief and to provide new service of process information. Plaintiff did not—and has not—filed a response to Defendants' motion, provided new service of process information, or moved for another extension.

Because of Plaintiff's failure to respond to the motion or provide new service of process information, the Court issued an order to show cause why the undersigned should not recommend that the motion be granted or that this case be dismissed for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). (ECF No. 26). Plaintiff's response to the show cause order was due June 8, 2026; alternatively, Plaintiff could have filed her response to Defendants' motion and provide the new service of process information. (*Id.*). Yet, as of this writing, a response of any kind remains outstanding.

## II. ANALYSIS

Pursuant to Rule 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S.

626, 630–32 (1962); *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001). "[D]istrict courts possess broad discretion to sanction parties for failure to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629–30. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* Also, a "district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see also McCallum v. Gilless*, 38 F. App'x 213, 216 (6th Cir. 2002) (regarding the typical leeway afforded to *pro se* litigants). But a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *Jourdan v. Jabe*, 951 F.2d 108,

110 (6th Cir. 1991); *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck v. U.S. Dep't of Treasury*, No. 11-10155, 2013 WL 511031, at *2 (E.D. Mich. Jan. 25, 2013), *report and recommendation adopted*, 2013 WL 509964 (E.D. Mich. Feb. 12, 2013).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Here, on balance, these factors weigh in favor of dismissal.

As for the first factor, "it is not clear whether [P]laintiff's failure to prosecute is due to willfulness, bad faith, or fault." *White*, 2008 WL 2216281, at *5. Though "at a minimum, [s]he is clearly at fault for failing to . . . comply with the Court's orders." *Clayborn v. Distelrath*, No. CV 19-12971, 2020 WL 584177, at *1 n.1 (E.D. Mich. Jan. 14, 2020), *report and recommendation adopted*, 2020 WL 570909 (E.D. Mich. Feb. 5, 2020). Plaintiff has been provided four separate deadlines to respond as ordered, but to date she has not complied with the Court's

orders. (ECF Nos. 19, 21, 23, 25–26). As such, the first factor weighs in favor of dismissal.

As for the second factor, Defendant is prejudiced by Plaintiff's failure to prosecute his case. Defendants "cannot be expected to defend an action" that Plaintiff "has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *White*, 2008 WL 2216281, at *5. Indeed, this Court has deemed such abandonment prejudicial to defendants since it results in pending litigation without movement towards a timely resolution. *Id.*; *Clayborn*, 2020 WL 584177, at *1. As previously noted, the Court is sympathetic with Plaintiff's situation, but Defendants have a right to challenge the sufficiency of the claims she levied against them as well as receive a timely resolution of that motion. (*See* ECF No. 25). For these reasons, the second factor also weighs in favor of dismissal.

Based on the explicit warning given to Plaintiff, the third factor also weighs in favor of dismissal. This Court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and when the defendant(s) expended resources on an abandoned action, and lesser sanctions would prove useless. *See, e.g.*, *Croton v. Recker*, No. 11-15433, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012); *Labreck*, 2013 WL 511031, at *2 (recommending dismissal for plaintiff's failure to

comply with orders of the court). Plaintiff has failed to respond as ordered despite being provided over five months to do so. Despite the clear warning, Plaintiff has provided no good reason why the undersigned should not recommend the complaint be dismissed. *See Labreck*, 2013 WL 511031, at *2.

Finally, given Plaintiff's failure to respond to the Court's Order after being provided multiple attempts, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute.

The undersigned is mindful of this Court's preference for resolving cases on the merits unless a litigant has engaged in a clear pattern of delay. *See Jourdan*, 951 F.2d at 110; *McCallum*, 38 F. App'x at 216. Such a pattern is present here. Since Defendants' motion was filed on January 14, 2026, Plaintiff has been provided two extensions—a total of five and a half months—to respond to the Court's Orders, including the Court's May 2026 Order to Show Cause, and her failure to respond has prevented this case from moving forward. (ECF Nos. 26). The failure to respond to orders of the Court alone evinces a clear pattern of delay. *See Clayborn*, 2020 WL 584177, at *2.

For these reasons, the undersigned concludes that Plaintiff has effectively abandoned his case by failing to respond to the Court's Orders. Under these circumstances, dismissal under Fed. R. Civ. P. 41(b) is appropriate for failure to

prosecute and failure to comply with the Court's Orders. That said, considering Plaintiff's circumstances, the undersigned recommends the case be dismissed without prejudice to allow Plaintiff the opportunity to refile her claims if or when she is able prosecute them.

## III. RECOMMENDATION

For the reasons set forth above, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiff's Complaint be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b), without prejudice. If this Report and Recommendation is adopted, then the undersigned **FURTHER RECOMMENDS** that Defendant's pending *Motion to Dismiss Plaintiff's Complaint* (ECF No. 18) be **DENIED** as moot.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs.*

*Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date: June 30, 2026

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 30, 2026, by electronic means and/or ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850